**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILED JUL 25 2011 IN THIS OFFICE CLERK U.S. DISTRICT COURT GREENSBORO, NC BY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| CANDELARIO CAMACHO GARCIA, also known as "Candy" | 1:11CR253-1 |
| MARTIN JAVIER GONZALEZ GIRON | 1:11CR253-2 |
| MANUEL CAMACHO GARCIA, also known as "Meno" | 1:11CR253-3 |
| JULISA ANZALDO | 1:11CR253-4 |
| JOSE LORETO TORRES PORTILLO | 1:11CR253-5 |
| EZEQUIEL GARCIA GONZALES, also known as "Yoo-Hoo" | 1:11CR253-6 |
| TIMOTHY LEON STREET, also known as "Supreme" | 1:11CR253-7 |
| MICHAEL ANTHONY HOY, also known as "Chi-Town" | 1:11CR253-8 |
| LOUIS DEMAR MARTIN, also known as "Momar" | 1:11CR253-9 |
| YONEL REYES VASALLO, also known as "Yoni" and "Cuba" | 1:11CR253-10 |
| GUY HARLEND HODGE | 1:11CR253-11 |
| NANCY ANN HODGE | 1:11CR253-12 |
| JAMECHIA FRANCES BURTON | 1:11CR253-13 |

The Grand Jury charges:

From in or about November, 2010, continuing up to and including the present, the exact dates to the Grand Jurors unknown, in the Counties of Alamance, Caswell and Guilford, in the Middle District of North Carolina, the Eastern District of North Carolina, the Southern District of Georgia, the Southern District of Texas, and elsewhere, CANDELARIO CAMACHO GARCIA, also known as "Candy," MARTIN JAVIER GONZALEZ GIRON, MANUEL CAMACHO GARCIA, also known as "Meno, JULISA ANZALDO, JOSE LORETO TORRES PORTILLO, EZEQUIEL GARCIA GONZALES, also known as "Yoo-Hoo," TIMOTHY LEON STREET, also known as "Supreme," MICHAEL ANTHONY HOY, also known as "Chi-Town," LOUIS DEMAR MARTIN, also known as "Momar," YONEL REYES VASALLO,

also known as "Yoni" and "Cuba," GUY HARLEND HODGE, NANCY ANN HODGE, JAMECHIA FRANCES BURTON, and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate and agree together and with each other to commit offenses against the laws of the United States, that is:

1. To knowingly, intentionally and unlawfully distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1); and

2. To knowingly, intentionally and unlawfully distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I, controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

FORFEITURE ALLEGATIONS

1. The allegations contained in Count One are hereby realleged and incorporated by reference for the purpose of alleging forfeiture herein as to defendant TIMOTHY STREET.

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant TIMOTHY STREET shall forfeit to the

2

United States all right, title and interest in and to the following:

    a. any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of violation of 21 U.S.C. §§ 846 and 841(a)(1)(A), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, pursuant to 21 U.S.C. § 853; and

    b. any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. §§ 846 or 841(a)(1)(A), or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. The property subject to forfeiture pursuant to paragraph 2. above shall include, but not be limited to, a sum of money in the amount of up to Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), in that such sum in the aggregate constitutes the proceeds derived from the criminal activity alleged in Count One, for which the defendant TIMOTHY STREET is liable.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to or deposited with a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the

3

United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 981(a)(1), Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

_____
SANDRA J. HAIRSTON
ASSISTANT UNITED STATES ATTORNEY

_____
RIPLEY RAND
UNITED STATES ATTORNEY

4